FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 05 2013

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA Y. JOHNSON, | |
| Plaintiff, | CIVIL ACTION |
| | No. 1:13-cv-3634-SCJ |
| v. | |
| NATIONSTAR MORTGAGE, LLC, | |
| Defendant. | |

## O R D E R

This matter is before the Court on Plaintiff's motion for emergency stay from writ of possession, restraining order, and interlocutory injunction and motion for emergency hearing.

On November 4, 2013, Plaintiff, proceeding *pro se*, filed a motion seeking an emergency stay and requested an emergency hearing. The Court granted Plaintiff's request for an emergency hearing based on Plaintiff's representation that absent an injunction she will be subjected to an eviction on November 5, 2013. Plaintiff's motion was taken under advisement, and the Court rules as follows.

Plaintiff, who is a tenant of the property owned by Defendant, argues that Defendant violated the Protecting Tenants at Foreclosure Act ("PTFA") of 2009, Pub.L. No. 111-22, § 701-04, 123 Stat. 1632, 1660-62 (2009), by failing to wait ninety days after it obtained the title to the property at issue at the foreclosure sale

conducted on February 5, 2013, before serving a dispossessory notice. According to Plaintiff, the PTFA prohibits a party from serving a dispossessory notice on a tenant for ninety days after first acquiring title to the real property. First, Plaintiff's interpretation of the PTFA ninety-day notice requirement is not supported by the text of the statute. In pertinent part, § 702 of the PTFA provides:

> In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to . . . the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice.

Thus, the PTFA contemplates that a party who has purchased a property at a foreclosure must provide a tenant of that property ninety days to relinquish possession. *See Joel v. HSBC Bank USA*, 420 F. App'x 928, 929 (11th Cir. 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("PTFA's provisions requir[e] that notice be given ninety days in advance . . . ."). Here, it is unclear from Plaintiff's representations whether the notice provided by Defendant allowed for the ninety-day period prior to eviction.

However, even if Defendant failed to give Plaintiff notice that she would be required to vacate the property ninety days following notice, Plaintiff is not entitled

to the relief she seeks. To obtain a temporary restraining order or injunction, a movant must establish that "(a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-035 (11th Cir. 2001). And the movant must successfully establish all four factors to prevail. *Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009). Here, there is no likelihood of success on the merits of Plaintiff's claim. This is so because "she has no cognizable claim under the PTFA." *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013). As Plaintiff has done here, the tenant in *Logan* filed a federal action alleging that the defendant, who acquired the property upon foreclosure, was attempting to evict her from the property without providing a ninety-day notice. On appeal, the Ninth Circuit concluded that the "PTFA is framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court." *Logan*, 722 F.3d at 1173. Because the PTFA does not provide a federal private cause of action, Plaintiff cannot establish an essential element — success on the merits — for

the entry of the emergency relief she seeks. Accordingly, Plaintiff's motion for stay is DENIED.

The Court notes that Plaintiff has not filed a formal document titled a complaint. Considering that Plaintiff is proceeding *pro se* and recognizing that her motion to stay contains the essential elements of a complaint (*e.g.* a short and plain statement of the facts, an invocation of the Court's jurisdiction, and a prayer for relief), the Court construes the motion to stay as a complaint. In accordance with Rule 12(a)(1) fo the Federal Rules of Civil Procedure, Defendant shall have twenty-one days following the service of the summons and the complaint by Plaintiff to answer or otherwise defend this action.

IT IS SO ORDERED, this 4th day of November, 2013.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE